UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

CHAMBERS OF
STEPHANIE A. GALLAGHER
UNITED STATES MAGISTRATE JUDGE

101 WEST LOMBARD STREET
BALTIMORE, MARYLAND 21201
(410) 962-7780
Fax (410) 962-1812

December 17, 2018

LETTER TO COUNSEL

RE:  *Derrick S. v. Commissioner, Social Security Administration*;[1]
Civil No. SAG-18-741

Dear Counsel:

On March 13, 2018, Plaintiff Derrick S. petitioned this Court to review the Social Security Administration's ("SSA's") final decision to deny his claim for Supplemental Security Income. ECF 1. I have considered the parties' cross-motions for summary judgment. ECF 12, 15. I find that no hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2018). This Court must uphold the decision of the SSA if it is supported by substantial evidence and if the SSA employed proper legal standards. *See* 42 U.S.C. §§ 405(g), 1383(c)(3); *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996). Under that standard, I will deny Plaintiff's motion, grant the SSA's motion, and affirm the SSA's judgment pursuant to sentence four of 42 U.S.C. § 405(g). This letter explains my rationale.

This case has a lengthy procedural history. Plaintiff filed his claim for benefits on February 16, 2011, alleging a disability onset date of May 22, 2010.[2] Tr. 118-25. His claim was denied initially and on reconsideration. Tr. 68-71, 74-75. A hearing was held on June 12, 2013, before an Administrative Law Judge ("ALJ"). Tr. 31-52. Following the hearing, the ALJ determined that Plaintiff was not disabled within the meaning of the Social Security Act during the relevant time frame. Tr. 15-30. The Appeals Council ("AC") denied Plaintiff's request for review, Tr. 1-5, but following an appeal, the case was remanded for further consideration. Tr. 436-37. A second hearing was held on January 4, 2016. Tr. 379-400. Following that hearing, the ALJ again issued an opinion denying benefits. Tr. 443-63. This time, the AC issued an order remanding the case for rehearing. Tr. 464-70. A third hearing was held on October 19, 2017. Tr. 401-35. After the hearing, on November 15, 2017, the ALJ once again wrote an opinion denying benefits. Tr. 329-55. This time, the AC denied review, so the ALJ's 2017 decision constitutes the final, reviewable decision of the SSA.

The ALJ found that Plaintiff suffered from the severe impairments of "status post left ankle fracture and open reduction/internal fixation of the left ankle; major depressive disorder;

---

[1] Currently, the position of Commissioner of the Social Security Administration is vacant, and most duties are fulfilled by Nancy A. Berryhill, Deputy Commissioner for Operations, performing the duties and functions not reserved to the Commissioner of Social Security.

[2] Plaintiff later amended his alleged onset date to January 1, 2015. Tr. 434.

and history of polysubstance abuse, anxiety disorder, and neurodevelopmental disorders." Tr. 335. Despite these impairments, the ALJ determined that Plaintiff retained the residual functional capacity ("RFC") to:

> perform light work as defined in 20 CFR § 416.967(b), including that he can lift 20 pounds occasionally and 10 pounds frequently, and is able to sit for 6 hours out of an 8-hour workday, except he is able to stand for 2 hours out of an 8-hour day, and can walk for 2 hours out of an 8-hour workday. He can never push or pull with the lower left extremity. He can never operate foot controls with the lower left extremity. He can perform postural activities occasionally, except that he can never climb ladders, ropes, and scaffolds. He is precluded from work at unprotected heights. He is able to understand, remember, and carry out simple instructions. In addition to normal breaks he would be expected to be off-task for 10% of an 8-hour workday. He would be able to have occasional contact with the public.

Tr. 338. After considering the testimony of a vocational expert ("VE"), the ALJ determined that Plaintiff could not perform his past relevant work, Tr. 346, but could perform other jobs existing in the national economy. Tr. 347-48. Therefore, the ALJ concluded that Plaintiff was not disabled. Tr. 348.

Plaintiff makes several arguments on appeal: (1) that the ALJ's RFC assessment was flawed and runs afoul of the Fourth Circuit's decision in *Mascio v. Colvin*, 780 F.3d 632, 638 (4th Cir. 2015); (2) that the ALJ did not provide sufficient justification for her findings regarding time off-task; and (3) that the ALJ erred in evaluating the opinion evidence from a consultative examiner, Dr. McDonald, and a medical expert, Dr. Adamo. I disagree.

First, in *Mascio*, the United States Court of Appeals for the Fourth Circuit determined that remand was appropriate for three distinct reasons, including, as pertinent to this case, the inadequacy of the ALJ's evaluation of "moderate difficulties" in concentration, persistence, or pace. *Id.* At step three of the sequential evaluation, the ALJ determines whether a claimant's impairments meet or medically equal any of the impairments listed in 20 C.F.R. Part 404, Subpart P, Appendix 1 (2017). Listings 12.00 *et seq.* pertain to mental impairments. 20 C.F.R. Pt. 404, Subpt. P, App. 1 § 12.00 (2017). The relevant listings therein consist of: (1) "paragraph A criteria," which consist of a set of medical findings; (2) "paragraph B criteria," which consist of a set of impairment-related functional limitations; and (3) "paragraph C criteria," which relate to "serious and persistent" disorders lasting at least two years with a history of ongoing medical treatment and marginal adjustment. *Id.* §§ 12.00(A), (G). A claimant's impairments meet the listings relevant to this case by satisfying either the paragraph A and paragraph B criteria, or the paragraph A and paragraph C criteria. *Id.* § 12.00(A).

Paragraph B consists of four broad functional areas assessing the ability to: (1) understand, remember, or apply information; (2) interact with others; (3) concentrate, persist, or maintain pace; and (4) adapt or manage oneself. *Id.* § 12.00(A)(2)(b). The functional area of

concentration, persistence, or pace "refers to the abilit[y] to focus attention on work activities and stay on task at a sustained rate." *Id.* § 12.00(E)(3).

The ALJ employs the "special technique" to rate a claimant's degree of limitation in each area, based on the extent to which the claimant's impairment "interferes with [the claimant's] ability to function independently, appropriately, effectively, and on a sustained basis." 20 C.F.R. §§ 416.920a(b), (c)(2) (2017). The ALJ uses a five-point scale to rate a claimant's degree of limitation in the four areas: none, mild, moderate, marked, or extreme. *Id.* § 416.920a(c)(4). A moderate limitation signifies the claimant has only a fair ability to function in the relevant area of mental functioning. 20 C.F.R. Pt. 404, Subpt. P, App. 1 § 12.00(F)(2)(c) (2017).

The Fourth Circuit remanded *Mascio* because the hypothetical the ALJ posed to the VE—and the corresponding RFC assessment—did not include any mental limitations other than unskilled work, despite the fact that, at step three of the sequential evaluation, the ALJ determined that the claimant had moderate difficulties in maintaining concentration, persistence, or pace. 780 F.3d at 637-38. The Fourth Circuit specifically held that it "agree[s] with other circuits that an ALJ does not account for a claimant's limitations in concentration, persistence, and pace by restricting the hypothetical question to simple, routine tasks or unskilled work." *Id.* at 638 (quoting *Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1180 (11th Cir. 2011)) (internal quotation marks omitted). In so holding, the Fourth Circuit emphasized the distinction between the ability to perform simple tasks and the ability to stay on task, stating that "[o]nly the latter limitation would account for a claimant's limitation in concentration, persistence, or pace." *Id.* Although the Fourth Circuit noted that the ALJ's error might have been cured by an explanation as to why the claimant's moderate difficulties in concentration, persistence, or pace did not translate into a limitation in the claimant's RFC, it held that absent such an explanation, remand was necessary. *Id.*

At step three in the instant case, the ALJ found that Plaintiff had moderate limitations maintaining concentration, persistence, or pace. Tr. 337. The ALJ's analysis stated:

> With regard to concentrating, persisting, or maintaining pace, the claimant has a moderate limitation. In a pre-hearing function report, the claimant indicated having problems completing tasks or finishing things, but he did not identify problems with concentration. As noted above, at the hearing, he testified to difficulty with focus. Moreover, as discussed below, at a consultative psychological evaluation in 2011 he was considered to have a "severe" concentration impairment. These statements suggest more than mild limitation in this area. However, at a more recent consultative psychological evaluation in 2016, he was observed to work continuously and maintain concentration during intelligence testing. Additionally, at the hearing, Dr. Adamo testified that the claimant would have moderate limitation in this area.

*Id.* (internal citations omitted). The ALJ also found that Plaintiff had moderate limitations in the area of understanding, remembering, or applying information. Tr. 337. The corresponding

provisions in the RFC assessment state, "[Plaintiff] is able to understand, remember, and carry out simple instructions. In addition to normal breaks he would be expected to be off-task for 10% of an 8-hour workday." Tr. 338. The ALJ provided a detailed explanation for how the RFC accounted for Plaintiff's limitations with regard to memory, concentration, and focus. Tr. 345-46. The ALJ's inclusion of time off-task in the RFC is precisely the type of limitation the Fourth Circuit in *Mascio* explained accounts for limitations in concentration, persistence, and pace. 780 F.3d at 638. Additionally, the ALJ provided a comprehensive explanation as to why no further restrictions were required in the RFC. *See* Tr. 342 (noting "normal psychological findings over time" and the fact that Plaintiff's "depression has resolved"); Tr. 344-45 (citing to the assessments from medical expert Dr. Adamo and consultative evaluator Dr. Fielding).

As to the finding that Plaintiff would be off-task 10% of the workday, the ALJ in this case expressly explained how she reached the conclusion. The ALJ discussed Dr. Adamo's opinion which suggested that he would be off-task one third of the workday. Tr. 344. The ALJ pointed to specific evidence undermining that opinion, including the fact that Plaintiff was able to sustain concentration to complete intellectual testing. *Id.* Thus, this case is distinguishable from other cases in which the ALJ simply asserted a specific percentage of time off-task, without providing any explanation of how that number was reached.

Finally, with respect to the medical opinion evidence, Plaintiff argues that the ALJ did not include any of the findings from Dr. McDonald's consultative evaluation in the RFC assessment. However, Dr. McDonald evaluated Plaintiff in 2011, Tr. 341, and Plaintiff amended his onset date to January 1, 2015, Tr. 434, making the evaluation rather dated. Moreover, the ALJ not only considered and evaluated the findings from Dr. McDonald's report, but explained, by referring to more recent mental health treatment notes and evaluations, why she reached conclusions that differed from Dr. McDonald's. Tr. 341-43. Accordingly, I find no error in the ALJ's consideration of Dr. McDonald's report.

Similarly, the ALJ thoroughly explained her evaluation of the opinion rendered by the medical expert, Dr. Adamo. The only portion of the opinion the ALJ rejected was the suggestion that Plaintiff would spend one-third of the day off-task. Tr. 344. Otherwise, the ALJ's RFC assessment was consistent with Dr. Adamo's opinion. *Id.* As described above, the ALJ explained her evaluation that Plaintiff's time off-task would be less than one-third of the workday, although she did not reject the limitation completely.

Ultimately, the function of this Court is not to review Plaintiff's claim *de novo* or to reweigh the evidence of record. *See Smith v. Schweiker*, 795 F.2d 343, 345 (4th Cir. 1986) (citing 42 U.S.C. § 405(g); *Blalock v. Richardson*, 483 F.2d 773, 775 (4th Cir. 1972)). Rather, this Court is to determine whether, upon review of the whole record, the SSA's decision is supported by substantial evidence and a proper application of the law. *Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir. 1990) (citing 42 U.S.C. § 405(g)). In light of the evidence cited by the ALJ and her proper application of the relevant legal standards, her opinion must be affirmed.

      For the reasons set forth above, Plaintiff's Motion for Summary Judgment, ECF 12, is DENIED, and Defendant's Motion for Summary Judgment, ECF 15, is GRANTED. The SSA's judgement is AFFIRMED pursuant to sentence four of 42 U.S.C. § 405(g). The Clerk is directed to CLOSE this case.

      Despite the informal nature of this letter, it should be flagged as an opinion and docketed as an order.

                                  Sincerely yours,

                                      /s/

                              Stephanie A. Gallagher  
                              United States Magistrate Judge